IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES ARTHUR MALLETT, III,

    **Plaintiff,**

    v.                                        CASE NO. 24-3131-JWL

ROGER SOLDAN, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 3, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until November 4, 2024, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the MOSC. In summary, Plaintiff takes issue with being placed on a restraint policy after he was involved in a physical altercation with a deputy. Plaintiff alleges that the two-man restraint policy violates his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also alleges that Defendants retaliated against him by subjecting him to constant harassment.

The Court found in the MOSC that Plaintiff does not allege excessive force or that he was injured by the restraints. Plaintiff acknowledges that he was subjected to the restraint policy after a physical altercation with a deputy at the SCJ. Plaintiff has pending criminal charges for Battery on LEO and Assault on LEO based on the incident. *See State v. Mallett*, Case No. 2024-CR-278 (District Court of Saline County, Kansas). Plaintiff also acknowledges that he was placed in segregation for other disciplinary reports that he does not dispute. He merely claims

that none of the disciplinary reports involved threats, batteries, or assaults against staff at the SCJ, "except the incident with Deputy Garcia which transpired on April 22, 2024." (Doc. 1, at 5.)

Courts addressing similar situations have found that the use of restraints did not violate the Eighth Amendment and did not constitute impermissible punishment of a pretrial detainee. *See Ware v. Nelson*, 1998 WL 154585, at *4 (D. Kan. 1998) (finding no Eighth Amendment violation where plaintiff was forced to wear leg restraints for every trip outside of his cell); *see also Saleh v. Ray*, 2003 WL 23484639, at *6–7 (D. Kan. 2003), *aff'd* 107 F. App'x 865 (10th Cir. 2004) (finding no cruel and unusual punishment where plaintiff made no allegation that his movement was restricted while he was restrained or that he was deprived of food, water, or bathroom breaks, and plaintiff was free to move about in his cell).

"Requiring an inmate who is in disciplinary segregation to shower in handcuffs and ankle shackles does not evince deliberate indifference to an inmate's health or safety." *Sanders v. Hopkins*, 1997 WL 755276, at *2 (10th Cir. 1997) (unpublished) (citing *Branham v. Meachum,* 77 F.3d 626, 631 (2nd Cir. 1996) (requiring an inmate on "lockdown" to shower while wearing leg irons does not state a claim under the Eighth Amendment); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) (requiring an inmate who had assaulted prison guards and fellow inmates to shower while wearing handcuffs and ankle shackles does not state a claim under the Eighth Amendment). It also does not amount to punishment where a plaintiff poses a security risk. *See Sanders*, 1997 WL 755276, at *2 ("The condition or restriction of requiring a pretrial detainee in disciplinary segregation to wear restraints while showering is reasonably related to the legitimate governmental objective of promoting security in the detention facility. Thus, under *Bell,* it does not amount to a 'punishment' which would violate the detainee's due process rights."); *see also*

*Blackmon v. Sutton*, 734 F.3d 1237, at n.2 (10th Cir. 2013) (noting that in *Sanders*, "[t]his court upheld the restraint on the ground that the detainee had already proven himself a security threat to other inmates and the restraints were designed to address legitimate safety concerns").

The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by any defendant or that he was subjected to impermissible punishment as a pretrial detainee.

The Court also found that Plaintiff failed to state a claim of retaliation. Plaintiff's claims of retaliation failed to allege adequate facts in support of the claims. Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive. The Court also found that Plaintiff failed to provide any factual support for a claim of harassment.

The Court ordered Plaintiff to show good cause why his claims should not be dismissed for failure to state a claim. The Court's MOSC provided that "f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." (Doc. 4, at 13.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated November 12, 2024, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
